Lewis *v.* Lewis.

[Cite as Lewis v. Lewis, 15 Ohio Misc. 239.]

(No. 39266—Decided June 25, 1968.)

Common Pleas Court of Tuscarawas County.

*Mr. Danny D. Johnson,* for plaintiff.
*Mr. C. P. Hoffman,* for defendant.

Lamneck, J.  The plaintiff in this case filed an action for divorce against the defendant in this court on February 23, 1968, on the grounds of gross neglect of duty and extreme cruelty.  Summons was served on the defendant on this petition as provided by law.

Thereafter the defendant filed a motion to require the plaintiff to make his petition more definite and certain which motion was sustained by the court.  The plaintiff then filed an amended petition on March 26, 1968, setting up the same grounds for divorce.

After six weeks had elapsed after the service of summons on the petition, the case came on for trial on April 12, 1968, pursuant to a regular assignment and in the absence of any pleading of the defendant. At the time of the trial the defendant was present in court with counsel and was permitted to offer evidence resisting the petition.

At the conclusion of all the testimony, the court entered the following order:

"It appearing to the satisfaction of the court, from the evidence adduced, that the parties may reconcile their differences and resume marital relations, if properly counseled to do so, it is now ordered this case be continued for final hearing on June 14, 1968, at 9:00 a. m., if the same should become necessary.

On June 8, 1968, the defendant, without leave of court, filed an answer and cross-petition praying for a divorce and alimony on the ground of extreme cruelty and gross neglect of duty. She also asked to be awarded the custody and control of the minor child of the parties.

Summons was served on the plaintiff on the cross-petition of the defendant on June 10, 1968. On June 15, 1968, the plaintiff filed a motion to quash the service of summons on this cross-petition for the reason that the same constituted a fraud. The court considers said motion to quash as a motion to dismiss the cross-petition for the reason that the same was filed without leave of court. Should the court permit such a cross-petition to be filed under the facts existing prior to its filing?

Section 3105.17, Revised Code, provides that "either party to the marriage may file a petition for divorce or for alimony, and when filed the other may file a cross-petition for divorce or for alimony.

Section 3105.09, Revised Code, provides that "an action for divorce or for alimony may not be heard and decided until after the expiration of six weeks from the service of summons or the first publication of notice.

In construing Section 5694, Revised Statutes, which is substantially the same as present Section 3105.09, Revised Code, the court held in *Heyler* v. *Heyler*, 9 O. D. 595, 19 O. N. P. (N. S.) 124, that the general statutes on rule

days (now Section 2309.41 *et seq.*, Revised Code), for filing answers, does not apply to divorce cases. While the court in that case did not so expressly state, this court concludes that the right of a defendant to file an answer or cross-petition in a divorce case without leave of court or contrary to rule of court expired at the conclusion of six weeks after the personal service of summons on the petition or the first publication of notice where service is obtained on the petition by publication.

Section 2309.42, Revised Code, provides that "upon such terms as are just, the court or a judge thereof in vacation, for good cause shown may extend the time for filing any pleading."

Under Rule 5 of the General Rules of Practice of this court it is provided that if a party is in default for answer or reply when a case is assigned for trial, he may file a general denial for his answer or reply before trial without leave." The court permitted the defendant in this case to offer evidence to support a general denial even though she filed no formal written denial.

In *Sharkey* v. *Sharkey*, 73 Ohio Law Abs. 321, the court held that "the matter of permitting the defendant in a divorce action to file a cross-petition for divorce after the plaintiff has rested his case is a matter within the sound discretion of the trial court."

This is precisely the question that confronts the court in the instant case. The evidence submitted shows that the parties entered into a separation agreement on April 10, 1968, in which the question of alimony, division of property and payment of debts was fully settled by and between the parties.

In view of the evidence heretofore submitted in this case and the reason given by the court in delaying its decision after the case had been submitted, this court is of the opinion that the defendant should be denied the privilege of filing a cross-petition in this action at this time.

The motion to dismiss the cross-petition will therefore be sustained and the cause will be submitted for judgment on the evidence taken on April 12, 1968.

Exceptions noted.